UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL COLLINS IHEME,

   Plaintiff,

v.

MICHELLE SMITH,
Warden Stillwater Prison – MN,

   Defendant.

---

Civil No. 12-2269 (DWF/JJK)

**REPORT AND RECOMMENDATION**

  Plaintiff, a Minnesota prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

  Because Plaintiff is a prisoner, he is subject to the initial partial filing fee requirement prescribed by 28 U.S.C. § 1915(b)(1). On September 25, 2012, Plaintiff was ordered to pay an initial partial filing fee of $15.62 within twenty (20) days. (Docket No. 3.) Plaintiff did not pay his initial partial filing fee as ordered, but he instead filed a motion asking to be excused from paying that fee. (Docket No. 4.)

  Based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4). The Court will therefore recommend that Plaintiff's motion to be excused from paying his initial partial filing fee be granted. However, the Court will also recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, for the reasons discussed below.

## I. BACKGROUND

Plaintiff is attempting to sue a single Defendant, Michelle Smith, who is the Warden at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"). He alleges that in May 2008, (more than four years ago), he was "beaten up" by other inmates at MCF-STW. (Complaint, [Docket No. 1], p. 6, [as numbered by the Clerk].) The beating allegedly occurred because of prison policies that fostered inmate violence against other inmates. (Id.)

Plaintiff further alleges that in July 2011, he slipped and fell on a slippery spot on the floor of the dining hall at MCF-STW, injuring his back and leg. He claims that this incident occurred "as a result of the facilities recklessness regard dining room floor [sic]," and because "workers neglected the slippery soup floor." (Id., p. 7.)

Finally, Plaintiff claims that he has been "subjected to retaliation and put... in detention, restrictions and segregation since April to September 2012," and he has "been restricted 85% of the time without cause or false charges." (Id.)

The caption of Plaintiff's complaint indicates that he is bringing this action under 42 U.S.C. § 1983. He is seeking a judgment against Defendant in the amount of $1,000,000.00, to compensate him for injuries that he allegedly sustained as a result of the incidents described in his complaint.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental defendant, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute requires federal courts to review every prisoner complaint brought against governmental

agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the complaint are actionable and should be allowed to proceed. If a complaint fails to state a cause of action on which relief can be granted, the case must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable § 1983 civil rights claim, as Plaintiff apparently is attempting to do here, a complainant must allege facts showing each named defendant's personal involvement in some alleged violation of the complainant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d

764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). The complaint must set forth specific factual allegations showing what each particular defendant personally did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. In the words of the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." Iqbal, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead a cognizable civil rights claim, (or any other actionable claim for relief), because his complaint does not describe any specific acts or omissions by the named Defendant, Warden Michelle Smith. Plaintiff's complaint does not describe anything that Defendant Smith <u>personally</u> did, or failed to do, that violated the federal Constitution. Indeed, Plaintiff has not described <u>any</u> of Defendant Smith's "own individual actions." Because Plaintiff has not alleged any facts showing that Defendant Smith personally violated his federal constitutional rights, he has failed to plead an actionable civil rights claim.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court will also recommend that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff must remain liable for the unpaid balance of the $350 filing fee.[1]  Plaintiff has not yet paid any fee in this matter, so he still owes the full $350.   Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Because Plaintiff has not pleaded an actionable claim for relief, the Court will further recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV.    RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.   Plaintiff's motion to be excused from paying an initial partial filing fee, (Docket No. 4), be **GRANTED**;

2.   Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

---

[1]  Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.   Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated:    November 5, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 20, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.